LEE C. SHORTT v. KNOB CITY INVESTMENT COMPANY, INC.

No. 8117SC1093

(Filed 6 July 1982)

1. **Brokers and Factors § 6— real estate commission—sale of stock as sale of property for purposes of determining entitlement to commission**

 In an action brought by plaintiff real estate broker to recover a commission for the sale of a motel, sale of 100% of the stock in defendant motel con-

stituted a sale by the defendant corporation of the property in question for the purposes of determining whether plaintiff was entitled to a commission under an exclusive listing agreement, and since there was such a sale, defendant was liable to plaintiff for the contracted-for commission.

**2. Brokers and Factors § 6— real estate commission—apartment house as part of listing agreement for motel**

In an action for a real estate commission, there was evidence to support the judge's finding that a four unit apartment house which was included in the sale of a motel was included within the listing agreement and that plaintiff's commission should not be reduced by a percentage attributable to the price of the apartment house.

**3. Brokers and Factors § 6— real estate broker's commission—right to prejudgment interest**

In an action for a real estate commission where the trial judge found that plaintiff was entitled to recover a commission from defendant, the judge erred in denying plaintiff prejudgment interest in light of G.S. 24-5 and decisions by our Courts.

APPEAL by plaintiff and defendant from *Washington, Judge.* Judgment entered 19 June 1981 in Superior Court, SURRY County. Heard in the Court of Appeals on 27 May 1982.

This appeal arises from a judgment for plaintiff real estate broker in his action against defendant to recover a commission for the sale of a motel. Each party made a motion for summary judgment. The defendant's motion for summary judgment was denied, and plaintiff's motion for summary judgment as to liability was allowed. Thereafter, the case was calendared for trial as to the issue of damages, and the parties waived trial by jury and agreed that "the Court may decide the issue of damages based upon the pleadings, interrogatories and answers thereto, depositions and other papers on file in this action."

As to the issue of damages, Judge Washington made the following findings, conclusions and order:

FINDINGS OF FACT

1. Plaintiff is a real estate agent who has been duly licensed as a real estate agent in the State of North Carolina since 1975.

2. On February 23, 1979, defendant was the owner of a parcel or lot of land, together with the improvements thereon, known as the Holiday Inn of Pilot Mountain, said

Shortt v. Knob City Investment Co.

property being six acres more or less fronting on Highway 268, situated in the Town of Pilot Mountain, Surry County, North Carolina.

3. On February 23, 1979, the improvements on said property consisted of a 72 unit motel, a restaurant, a 4 unit apartment house and related fixtures; one of the apartments was used in the operation of the motel as the residence of the motel manager as part of his compensation as motel manager.

4. On February 23, 1979, plaintiff and defendant entered a written contract giving plaintiff the exclusive right to offer for sale: "All that certain parcel or lot of land together with improvements thereon known as the Holiday Inn of Pilot Mountain. Said property being 6 acres more or less fronting on Hwy. 268 situated in the Town of Pilot Mountain, County of Surry, State of North Carolina. Property to be offered includes all real estate, fixtures, equipment and supplies used in the operation of the motel and restaurant."

5. The contract provided that the sale price of the property was to be $625,000.00 payable in cash or any other arrangement suitable and acceptable to the owners.

6. The contract provided that plaintiff's listing was to expire May 1, 1979, but further provided that if the property was sold within six months of the termination of the contract to a purchaser to whom it was submitted by plaintiff or another broker or defendant or any other person during the term of the listing, defendant agreed to pay plaintiff a commission of ten (10%) percent of the sale price of the property.

7. The 4 unit apartment house was to be included in any sale of the listed property at a price of $60,000.00 and on the same commission basis to plaintiff as provided in the February 23, 1979 listing contract.

8. On May 31, 1979, the four shareholders of defendant corporation sold 100% of the outstanding shares of the stock of said corporation to Mr. I. G. Patel, a person to whom the listed property had been submitted in April of 1979 during the term of plaintiff's listing, for a sale price of $785,000.00.

9. Mr. I. G. Patel's inquiries during April of 1979 regarding the listed property were never referred to the plaintiff by defendant.

10. On February 23, 1979, May 31, 1979 and all times in between the property which plaintiff had the exclusive right to offer for sale constituted all of the tangible property owned by defendant corporation.

11. Plaintiff was entitled to receive a commission in the amount of $78,500.00 from defendant on May 31, 1979.

12. Plaintiff has not been paid his commission of $78,500.00, or any part thereof, by defendant.

13. Plaintiff moved the Court pursuant to G.S. § 24-5 that he be awarded prejudgment interest on the commission of $78,500.00 at the legal rate of interest from May 31, 1979.

14. The amount of damages plaintiff was entitled to recover from defendant was unliquidated prior to trial.

Based upon the foregoing findings of fact, the Court hereby makes the following conclusions of law:

CONCLUSIONS OF LAW

1. Defendant breached the February 23, 1979 listing contract with plaintiff when, on May 31, 1979, it failed to pay plaintiff the sum of $78,500.00 as a commission.

2. Plaintiff is entitled to have and recover of defendant the sum of $78,500.00 as damages for defendant's breach of the February 23, 1979 listing contract.

3. Plaintiff is not entitled to recover prejudgment interest.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that plaintiff have and recover the sum of $78,500.00 from defendant plus interest at the legal rate from the date of this Judgment and that the costs of this action, including depositions, be taxed to the defendant.

Defendant and plaintiff appealed.

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter and James M. Stanley, Jr., for plaintiff appellant/appellee.*

*Gardner, Gardner, Johnson, Etringer & Donnelly, by Gus L. Donnelly, for defendant appellant/appellee.*

HEDRICK, Judge.

[1] In its first assignment of error, defendant argues the court "erred in allowing Plaintiff's Motion for Summary Judgment on the issue of liability as to Plaintiff's original or first cause of action in that no evidence whatsoever was presented by Plaintiff to show that the defendant corporation had ever conveyed any of its assets." Defendant does not contend that the issue of liability was not susceptible to summary judgment, and in fact next assigns error to the court's failure to enter summary judgment that defendant was not liable as a matter of law. The question of law presented by these assignments of error, is therefore the following: Was the 31 May 1979 transaction by which defendant's four shareholders simultaneously sold 100 percent of the stock in defendant corporation to Patel a sale of defendant's property within the terms of the exclusive sales agency contract? Defendant would be liable for commission if and only if such stock sale by the shareholders, which was within the stipulated six month period, was a sale of the property by defendant corporation.

A case recently resolving issues similar to the one in the present case is *Kingston Development Co. v. Kenerly,* 132 Ga. App. 346, 208 S.E. 2d 118 (1974). In *Kingston,* the six sole shareholders of defendant Kingston exchanged all of their stock in Kingston with another corporation, Presidential, for stock in Presidential. Kingston, a corporation whose principal asset was real property located in Gwinnett County, thereby became a subsidiary of Presidential. The question before the court was whether this stock exchange transaction, whereby the stock in Kingston came under different ownership, relieved defendant Kingston of a contractual obligation to the plaintiff real estate brokers to pay them a commission upon a sale of the Gwinnett County property owned by Kingston.

The court in *Kingston* noted that after the transaction, (1) Kingston still held legal title to the realty, (2) but its stock was now owned by a different entity, and (3) that there was no

contention that the transaction was designed to avoid paying plaintiffs their brokerage commission. Nevertheless, the Court stated, "Jurisprudential pragmatism prevents the exaltation of legalities to a sacrosanct status in disregard of realities . . . . This practical approach leads us to rule that the contractual commissions commitment continues enforceable against Kingston." *Id.* at 350, 208 S.E. 2d at 122.

In reaching such a result, the court stated that it was employing "reverse piercing of the corporate veil," *Id.* at 351, 208 S.E. 2d at 122, notwithstanding the absence of any allegation of fraud. The court continued,

> In a case factually similar to that at bar the Supreme Judicial Court of Massachusetts ruled for the broker in *Morad v. Haddad,* 329 Mass. 730, 735, 110 N.E. 2d 364, 367 stating: "The sale of all of the stock of the corporation was in legal effect a sale of all of its assets, and the mere fact that the parties found it more convenient to transfer all of the stock rather than to make a conveyance of its assets does not change the substance of the transaction." Another case of this nature is *Benedict v. Dakin,* 243 Ill. 384, 90 N.E. 712 which ruled that a broker who is employed to procure a purchaser of all the company's property earns his commission when he procures a purchaser for all of the stock of the corporation.
>
> . . .
>
> [Furthermore,] where the corporation contracts with the broker . . . it is the corporation as contracting party — not its stockholders as individuals — that would be responsible for commissions.

*Id.* at 351-52, 208 S.E. 2d at 122.

We think the principles and holding of *Kingston* may be invoked in the present case to hold that the former shareholder's sale of 100 percent of the stock in defendant constituted a sale by the defendant corporation of the property in question, for the purposes of determining whether plaintiff is entitled to a commission under the exclusive listing agreement. Since there was such a sale, defendant is liable to plaintiff for the contracted-for commission. Summary judgment for plaintiff on the issue of defendant's

liability was therefore proper. Defendant's first two assignments of error are overruled.

[2]   Defendant's third assignment of error is set out in the record as follows: "Judge Edward K. Washington erred in concluding as a matter of law that the Plaintiff is entitled to recover damages in the amount of $78,500.00, for Defendant's breach of the February 23, 1979 listing contract in that the Court's findings of fact are not supported by the evidence presented." This assignment of error purports to be based on exceptions 4, 5, 6, and 7, which all relate to the court's finding and conclusions that defendant was indebted to the plaintiff in the amount of $78,500.00. In its brief, the defendant seems to contend that the four unit apartment house which was included in the sale for $60,000.00 was not included within the listing agreement and that the plaintiff's commission, if he was entitled to any sum, should be reduced by $6,000.00. The court found as a fact that the four unit apartment house was included in the listing agreement and that plaintiff was entitled to a 10 percent commission for that property and the remainder of the real estate involved. Defendant did not except to this finding, and indeed, there is plenary evidence in the record to support it. The finding made by Judge Washington with respect to the amount of defendant's indebtedness upon the sale herein described support the conclusion that defendant is indebted to plaintiff in the total sum of $78,500.00. We find this assignment of error to be without merit.

[3]   Finally, plaintiff cross-assigns error to the denial of his motion for prejudgment interest. In its brief, defendant states:

> In the light of G.S. 24-5 and decisions by the courts, defendant concedes that if plaintiff were entitled to judgment, he would be entitled to prejudgment interest as a matter of law except as to that portion of the alleged purchase price of the apartment complex which plaintiff stated was not covered in his listing contract.

Since we have affirmed the trial court's conclusion that plaintiff is entitled to recover $78,500.00, we also conclude that he is entitled to recover prejudgment interest from the date of 31 May 1979. Plaintiff's cross-assignment of error has merit.

The result is: Judgment for plaintiff in the sum of $78,500.00 is affirmed and the trial court's order denying plaintiff's prayer for prejudgment interest is reversed, and the cause is remanded to the superior court for the calculation of interest on said sum from 31 May 1979, to be added to the judgment.

Affirmed in part, reversed and remanded in part.

Judges ARNOLD and WELLS concur.